UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Ann Mills (for John L. Mills), and John L. Mills, | ) | C/A No. 0:08-69-PMD-BM |
| | ) | |
| Plaintiffs, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville County; Greenville City; Solicitor Robert (Bob) Aerail; Ass. Solicitor Howard Steinberg; Det. Wes Smith; Det. Antonio Bailey; Sheriff Steve Loftis; Capt. Jackie Kellett /w lab; Wilbur Bruce / City of Greenville; Att. Patrick Mangrum, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## Introduction

Co-plaintiffs, George Ann Mills and John L. Mills, both proceeding *pro se*, bring this action pursuant to 42 U.S.C. § 1983. Co-plaintiff John L. Mills is an inmate at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), while co-plaintiff George Ann Mills is his mother and a non-prisoner.

As plaintiff John L. Mills is a prisoner, a careful review has been made with regard to plaintiff John L. Mills' *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



Further, even though the full filing fee has been paid, the *pro se* and non-prisoner George Ann Mills' claims are also subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-354 (2d Cir. 2000) (District Court's...are...capable of determining when an action is frivolous...[and]...may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee....Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); *cf. Clark v. United States,* 74 Fed.Appx. 561 (6th Cir. 2003); *Conner v. Greef*, No. 03-5986, 2004 WL 898866, at **1 (6th Cir. April 26, 2004), *cert. denied*, 518 U.S. 1198 (2000); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Hagans v. Lavine,* 415 U.S. 528, 536-537 (1974); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307 (1989) (mentioning in *dicta* that "[s]tatutory provision may simply codify existing rights or powers.  Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious" action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that

2



where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Additionally, while this Court is required to liberally construe *pro se* documents; *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); holding them to a less stringent standard than those drafted by attorneys; *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (per curiam); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here, and this case is therefore subject to summary dismissal by this Court.

### Factual Background

Plaintiffs allege that John L. Mills was improperly convicted or "framed" in the Greenville County Court of General Sessions for armed robbery and murder and that his constitutional rights were violated. Liberally construed, the plaintiffs seek monetary damages. Plaintiffs further request that this Court order that the two cases for armed robbery and murder be re-opened, investigated, and that the charges against John L. Mills be dismissed.

The Complaint and exhibits reveal that the armed robbery and murder charges arose out of an incident in March 2005, where a 13-year old boy, Ernest Henry Whitaker, was killed by a gunshot during an alleged robbery of the child's parents.[1] The record reflects that John L. Mills was convicted by a jury in March 2006 in the Greenville County Court of General Sessions for armed robbery. Although Plaintiffs allege that he was also convicted of murder, the records provided

---

[1] The exhibits reveal that the child victim was inside an automobile driven by his parents to a location to purchase drugs.



to the Court only indicate that he is scheduled to be tried on this charge. Plaintiffs allege that John

L. Mills was "framed" because he is black, was in the area when the incident happened, and had a

criminal record.   They allege that the public defender attorney for John L. Mills did nothing

beneficial during his representation, and that in fact the evidence shows that Pamela Whitaker, the

mother of the deceased child, shot and killed her own son. Plaintiffs seek damages in the complaint:

"I want to pay for what they did to my son, also my family."  (Compl. at p.5).  Additionally, on the

civil cover sheet, a demand is made for $25,000,000.00.  (Docket Entry 3).

        Plaintiffs' exhibits also show that John L. Mills has a direct criminal appeal pending

before the S.C. Court of Appeals for the armed robbery conviction, and that he is represented by

Kathrine H. Hudgins, Esquire, Appellate Defender.  *See* Attachment 2 at pp. 1-11 (state court

record).  The undersigned cannot glean from the record any facts relating to a murder conviction,

including the date of any such  conviction or whether a direct appeal is pending.

### Lack of Standing.

        First, it is readily apparent that co-plaintiff George Ann Mills, proceeding  *pro se*,

does not have standing to bring this action on her son's behalf.  Even if John L. Mills needs George

Ann Mills to act as his guardian ad litem or "next friend" pursuant to Federal Rule of Civil

Procedure 17(c),[2] she still must obtain legal counsel to bring her son's legal claims before this Court.

*See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney

parent may not litigate the claims of their minor children in federal court, even where Virginia law

permits the parent to assert the children's claims).  *See also Oxendine v. Williams*, 509 F.2d 1405,

---

   [2] There is no evidence that John L. Mills cannot bring his own claims in a lawsuit.  He is named
as a co-plaintiff, he signed the complaint, and submitted his own motion to proceed *in forma
pauperis.*



1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others

in a class action); *Frank Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 &

nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th

Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate).

Further, even though co-plaintiff George Ann Mills demands monetary compensation

for her family's injuries (which likely includes her own injuries), the alleged constitutional rights

that were allegedly violated belong to her son,[3] and do not relate to any action or inaction by the

defendants that was done to her in violation of her federal or constitutional rights. Accordingly, co-

plaintiff George Ann Mills' claims should be dismissed in their entirety for lack of Article III

standing, and she should be dismissed as a party plaintiff.

### *Younger* **abstention.**

Plaintiffs request that this Court re-open the South Carolina armed robbery and

murder investigations against John L. Mills, so that those charges may be re-investigated. They also

seek to have the convictions and/or charges dismissed. (Compl. at p. 5). However, as noted,

plaintiffs' exhibits show that John L. Mills has direct criminal appeal pending before the S.C. Court

of Appeals for the armed robbery conviction, in which he is represented by Kathrine H. Hudgins,

Esquire, Appellate Defender. *See* Attachment 2 at pp. 1-11 (state court record). There is no

indication in plaintiffs' exhibits as to whether John L. Mills has filed a direct appeal for a murder

---

[3]George Ann Mills alleges that the defendants violated her son's rights under the "Fourth, Fifth, Sixth, Eight (sic), Ninth, and Fourteenth Amendment of the United State Constitution."



conviction, nor whether John L. Mills has filed a post-conviction relief (PCR) action related to either conviction.[4]

A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). *See also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding that *Younger* abstention must apply while state appellate judicial remedies are exhausted).

The second criteria has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court also discussed the third criteria in

---

[4] Since John L. Mills' direct appeal is pending for the armed robbery conviction, it would be premature for him to file a PCR action related to that conviction at this time.



noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient

opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th

Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). In this case, co-plaintiff John L.

Mills has a direct appeal for his armed robbery conviction pending in the South Carolina Court of

Appeals, and he can therefore raise his federal constitutional claims in those state court proceedings.

Hence, this Court should abstain from proceeding with plaintiffs' § 1983 action.

### *Heck v. Humphrey*.

Liberally construed, the plaintiffs seek monetary damages for the harm done to John

L. Mills, George Ann Mills, and their family based upon the defendants "framing" of John L. Mills.

However, the complaint and exhibits demonstrate that John L. Mills' criminal convictions for armed

robbery (or murder) have not been invalidated.  The Supreme Court has held that in order to recover

damages for imprisonment in violation of the constitution, the imprisonment must first be

successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction
> or imprisonment, or for other harm whose unlawfulness would render a conviction
> or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such a determination, or called into question
> by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim
> for damages bearing that relationship to a conviction or sentence that has not been
> so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87.

The Supreme Court further held that "when a state prisoner seeks damages in a § 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff(s) would necessarily imply

the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the



plaintiff(s) can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487.

Here, a favorable determination on the merits of plaintiffs' claims in this § 1983 action would require a finding that John L. Mills was improperly convicted. Additionally, the plaintiffs have not demonstrated that John L. Mills has successfully challenged the lawfulness of his confinement.[5] Therefore, plaintiffs' claims should be dismissed, without prejudice, under Heck. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations.").

### Immunity of defendants.

Even if this case were otherwise entitled to proceed, co-plaintiff John L. Mills' claims against the Solicitors who handled his criminal proceedings are subject to summary dismissal because those claims seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(2). Prosecutors, including defendants Ariail and Steinberg, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); and *Burns v. Reed*, 500 U.S. 478 (1991). *See also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere

---

[5] If John L. Mills' direct appeal is unsuccessful, he can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10 *et seq.* (1976). If his application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he can then file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* S. C. Code Ann. § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). If John L. Mills seeks habeas relief in federal court, he must file an action pursuant to 28 U.S.C. § 2254.



defense to liability").  Moreover, co-plaintiff George Ann Mills' claims against defendants Ariail and Steinberg should be dismissed because they are frivolous claims due to those defendants having absolute immunity.  *Cf. Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider).

Therefore, these defendants are entitled to dismissal even if the Court determines plaintiffs' case should go forward.

**Under color of state law.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 &  nn. 8-16 (1981) (public defender).

Therefore, even if this case were to otherwise proceed, because John L. Mills' public defender, Patrick Mangrum, did  not act under color of state law, plaintiffs have failed to state a claim against him under 42 U.S.C. § 1983, and he is entitled to be dismissal as a party defendant.



### **"Persons" subject to suit.**

Finally, defendants Greenville County and the City of Greenville are entitled to dismissal because plaintiffs do not complain about any policy or custom of those entities. *See Monell v. Dept of Social Servs.*, 436 U.S. 658, 690 (1978) (a county can be sued as a "person" under § 1983 when the alleged unconstitutional action implements or executes governmental policy or custom). Accordingly, defendants Greenville County and City of Greenville should be dismissed as party defendants.

### **Recommendation**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654-55 (4th Cir. 2006).

**Each plaintiff's attention is directed to the important notice on the next page.**

Bristow Marchant
United States Magistrate Judge

February 13, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11
