**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| George Ann Mills (for John L. Mills) and John L. Mills,        Plaintiffs, <br><br> v. <br><br> Greenville County; Greenville City; Solicator Robert (Bob) Aerial; Ass. Solicator Howard Steinberg; Det. Wes Smith; Det. Antonio Bailey; Sherriff Steve Loftis; Capt. Jackie Kellet w/ lab; Wilbur Bruce/City of Greenville; Att. Patrick Mangrum,        Defendants. | C.A. No.: 0:08-69-PMD-BM <br><br> **<u>ORDER</u>** |

This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiffs' above-captioned case without prejudice and without issuance and service of process. The record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On February 25, 2008, Plaintiff filed timely objections[2] in response to the R&R.

---

[1] Pursuant to the provisions of Title 28, United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

[2] Plaintiff filed a "Motion to go forward" and "Motion to remove Plaintiff George Ann Mills." Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). These motions have been reviewed in a light most favorable to the Plaintiff and are thereby considered for these purposes as timely objections to the R&R.

**BACKGROUND**

Plaintiff John L. Mills ("Plaintiff" or "Mills") is an inmate with the South Carolina Department of Corrections ("SCDC") serving a sentence of imprisonment for armed robbery at Lee Correctional Institution ("LCI"). Plaintiff and his mother, Plaintiff George Ann Mills, are proceeding *pro se*. On January 8, 2008, Plaintiffs filed this action pursuant to 42 U.S.C. § 1983. The "Statement of Claim" portion of Plaintiff's complaint reveals that this civil rights action arises out of the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution. Plaintiffs allege that Mills was "framed" for armed robbery and murder arising out of an incident in March 2005 in which 13-year old Ernest Henry Whitaker was shot and killed during an alleged robbery of the child's parents.[3] Plaintiff was convicted by a jury in March 2006 for armed robbery. Plaintiffs allege that Mills was "framed" because he is black, he had a prior criminal record, and was in the area when the incident occurred.[4] Plaintiffs further allege that the public defender ineffectively represented Mills and seek damages "for what they did to my son, also my family" (Compl. at 5) in the amount of $25,000,000.00. (Docket Entry 3.)

United States Magistrate Judge Bristow Marchant filed an R&R on February 13, 2008, recommending that this Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Following the Magistrate Judge's R&R, Plaintiff filed two motions before the court, a "Motion to Go Forward" and "Motion to Remove Plaintiff George Ann Mills," which have been incorporated and reviewed as objections to the R&R.

---

[3]The record shows that the child was shot while inside the automobile driven by his parents to a location in order to purchase drugs.

[4]Additionally, Plaintiff alleges that the evidence suggests that Pamela Whitaker, mother of the deceased who was present in the car at the time of the incident, shot and killed her own son. Plaintiff bases this claim on evidence contained in police reports, medical reports, eye-witness testimony, and his own beliefs.

**STANDARD OF REVIEW**

**I.      Magistrate Judge's Report & Recommendations**

Magistrate Judges are empowered by statute to preside over pretrial matters on appointment by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Where, as here, a Magistrate Judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement. . .[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter." Fed. R. Civ. P. 72(b). The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), a District Court evaluating a Magistrate Judge's recommendation is permitted to adopt those portions of the recommendation to which no "specific, written objection" is made, as long as those sections are not clearly erroneous or contrary to law. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, where a party makes a specific, written objection within ten days of being served with a copy of the report,[5] the district court is required to make a *de novo* determination regarding those parts of the report, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's objections. The Magistrate Judge fairly and accurately

---

[5] Plaintiff filed a voluminous narrative which has been given liberal construction by this court. Much of the narrative gives an account of the details of the incident giving rise to Mills's armed robbery conviction, as well as supplemental information by the Plaintiff based upon his own knowledge. Additionally, Plaintiff recounts portions of the court transcript, as well as portions of the autopsy report and the detectives' reports. Very few of these details and arguments, however, are responsive with adequate *specificity* to the Magistrate Judge's findings of facts and conclusions of law as incorporated in the R&R.

summarized the facts in this case and this Court incorporates the R&R's recitation of the facts by specific reference.

## ANALYSIS

### I.     Standing of Plaintiff George Ann Mills

Plaintiff's first objection/motion, the "Motion to remove George Ann Mills," is granted. In his R&R, the Magistrate Judge found co-plaintiff George Ann Mills, proceeding *pro se*, did not have standing to bring an action on her son's behalf. (R&R at 4.)  While Plaintiffs are *pro se* litigants and their pleadings are afforded liberal construction, the Magistrate Judge correctly found that George Ann Mills lacked the appropriate standing to bring an action on behalf of her son.  Even if George Ann Mills filled the role of guardian ad litem or "next friend" pursuant to Federal Rule of Civil Procedure 17(c), she must obtain legal counsel to bring her son's claims before this Court. Furthermore, there is no indication that Mills cannot proceed for himself, since he is named as a co-plaintiff, signed the complaint, submitted his own motion to proceed *in forma pauperis*, and has now filed a lengthy narrative in response to the R&R.  Therefore, Plaintiff Mills's "Motion to Remove Plaintiff George Ann Mills," timely filed on February 25, 2008, appropriately dismisses George Ann Mills as a party plaintiff, and the motion is thereby granted.

### II.    Abstention Under *Younger*

In his Complaint, Plaintiff John L. Mills requests that this court re-open and re-investigate the armed robbery and murder investigations at issue, thereby seeking to have Mills's convictions and/or charges dismissed. (Compl. at 5).  However, Plaintiff is represented by Appellate Defender Kathrine H. Hudgins, Esquire and has a direct criminal appeal of his armed robbery conviction pending in the South Carolina Court of Appeals.  *See* Attachment 2 at pp. 1-11 (state court record). According to Plaintiff's own motion/objection entitled "Motion to Go Forward", filed February 25,

2008, Plaintiff admittedly states that "Both Arm Robbery and Murder case is in appeal court." (Obj. At 25).[6]

As held by the Supreme Court in *Younger v. Harris*, a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37 (1971); *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). As such, a federal court may not award injunctive relief that would affect pending state criminal proceedings, absent extraordinary circumstances. The Fourth Circuit has, from *Younger* and its progeny, set forth the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in state proceedings." *Martin Marietta Corp v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding that Younger abstention must apply until state appellate judicial remedies are exhausted). The Fourth Circuit has also expounded that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903.

In this case, Plaintiff not only has the right to appeal, but has exercised that right in the South Carolina Court of Appeals, by appealing his armed robbery conviction. In his objections to the R&R, Plaintiff generally states that his allegations demonstrate extraordinary circumstances to allow intervention by the this court. However, Plaintiff's bare assertion of having been framed does

---

[6] According to the R&R, there is some confusion as to whether Plaintiff has filed a direct appeal for a murder conviction, and whether Plaintiff has filed for post-conviction relief (PCR) action on either conviction. However, because Mills' direct appeal of the armed robbery conviction is pending, the Magistrate Judge correctly noted that it would be premature for him to file for PCR at this time.

not demonstrate extraordinary circumstances which would permit this court to interfere with Plaintiff's appeal. Plaintiff has adequate opportunity to raise his federal constitutional claims before the state appellate court. Accordingly, this Court shall refrain from proceeding with Plaintiff Mills's §1983 claim.

### III.     *Heck v. Humphrey* on Invalidating Convictions

Plaintiff seeks monetary damages in the amount of $25,000,000.00, based on the defendants' "framing" him. (Docket Entry 3.) The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first successfully be challenged. *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.). A prisoner's damages claim that would "necessarily require [him] to prove the unlawfulness of his conviction or confinement" cannot be brought under § 1983. *Id.* Because a claim for damages that does not bear a relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983, Plaintiff may not recover monetary damages until the imprisonment is first successfully challenged.

Most importantly, the Supreme Court held in *Heck* that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff(s) would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff(s) can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. According to Plaintiff's "Motion to Go Forward," both the armed robbery and murder cases are currently on appeal. (Obj. at 25.) On appeal, a

favorable determination of the merits of Plaintiff's § 1983 claims would require a finding that he was improperly convicted. Therefore, because the appeal(s) are still pending and have not invalidated Plaintiff's convictions, the complaint must be dismissed.

As aptly noted by the Magistrate Judge in the R&R, if Plaintiff's direct appeal is unsuccessful, he still has the opportunity to file an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. (1976). Furthermore, if Plaintiff's application for PCR is denied or dismissed, he can then file an "appeal" (petition for writ of certiorari) in that PCR case. *See* S.C. Code Ann. § 17-27-100 (1976). If Plaintiff seeks habeas relief in federal court, he must file an action pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 481 ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.") Accordingly, Plaintiff's claims should be dismissed without prejudice pursuant to *Heck*.

## IV.    Immunity

Even if this court was otherwise entitled to proceed on Plaintiff's § 1983 claim, the Solicitors sued in this action are entitled to summary dismissal. In his R&R, the Magistrate Judge found that all claims should be dismissed because Plaintiff fails to name a defendant subject to suit under 42 U.S.C. §1983. The Solicitors who handled Mills's criminal proceedings are entitled to summary dismissal because those claims seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(2).

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, including a criminal trial. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Imbler v Pachtman*, 424 U.S. 409, 430 (1976) (stating prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 motions).

In his objections to the R&R, Plaintiff alleges that prosecutor Steinberg falsified evidence by instructing the detectives to use false information. Additionally, Plaintiff contends that Prosecutor Steinberg committed perjury and induced witnesses to commit perjury as well, thus removing the shield of immunity granted by the 42 U.S.C. § 1983. However, both solicitors are entitled to absolute immunity in their roles. *See Weller v. Department of Social Services for City of Baltimore*, 901 F.2d 387 (4th Cir. 1990) (holding where Plaintiff alleges withholding or falsifying evidence by a solicitor, "even if such claims are true, they do not state a claim for damages under § 1983."). Accordingly, Plaintiff's claims against Defendants Aerial and Steinberg fail as a matter of law.

### V.    Under Color of State Law & Persons Subject to Suit

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A lawyer, whether he/she is privately retained, court-appointed, or a public defender, does not act under the color of state law, which is a judicial prerequisite to any action under 42 U.S.C. § 1983. Therefore, because Plaintiff's public defender, Patrick Mangrum, did not act under the color of state law, and because Plaintiff has failed to state a claim against him under 42 U.S.C. § 1983, he is subject to dismissal as a party defendant.

Similarly, defendants Greenville County and the City of Greenville are subject to dismissal because Plaintiff does not implicate any policy or custom of those entities in his complaint. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978) (holding that a county may be sued as a "person" under § 1983 only where the alleged constitutional violation executes or implements a governmental policy or custom). In this case, Plaintiff Mills does not implicate a policy or custom

practiced by the County of Greenville or the City of Greenville in denying his § 1983 constitutional rights.[7]

Finally, in his objections to the R&R, Plaintiff offers voluminous allegations of conspiracy, perjury, and prosecutorial misconduct among the police and the solicitors, but fails to demonstrate that Solicitors Aerail or Steinberg acted outside the scope of their duty. Furthermore, Plaintiff alleges a claim of conspiracy to "frame" and convict Plaintiff. (Obj. at 22).[8] The documents referenced by Plaintiff"s objections do not support a theory of conspiracy. Plaintiff's mere conclusory allegations of conspiracy are not sufficient to assert a claim of conspiracy against Defendants Aerail or Steinberg. *See Beaudett v City of Hampton*, 775 F.2d 1274 (4th Cir.1985). Accordingly, defendants Greenville County, the City of Greenville, and Patrick Mangrum are subject to summary dismissal as party defendants.

---

[7] Specifically, Plaintiff bases the majority of his objections on his belief that he was arrested on an invalid warrant. However, Plaintiff fails to prove that the County of Greenville or City of Greenville had a policy of serving invalid warrants pursuant to the requirements of 42 U.S.C.A. § 1983. *See Mitchell v. Aluisi*, 872 F.2d 577 (4th Cir.1989) (holding that where there is no evidence of a policy that the county serves invalid warrants, "by definition, therefore, the 'challenged action' cannot have been taken pursuant to it."); *see also City of St. Louis v. Praprotnik,* 485 U.S. 112 (1988).

[8] Plaintiff states, "Det. Smith...for some reason tampered with evidence and witnesses/eye witnesses to make it look as if John L. Mills was the killer. So Smith and Steinberg got together and plotted. They used the media and mislead the jury & Grand Jury into believing that John L. Mills committed the crime of murder." (Obj. at 22).

## **CONCLUSION**

It is, therefore **ORDERED**, for the foregoing reasons that Plaintiff's Motion to Remove Plaintiff George Ann Mills be **GRANTED**; and Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 15, 2008.**